UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH JURKENAS, et al., | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | )  1:20-cv-00183-JDL |
| | ) |
| CITY OF BREWER, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

In their amended complaint,[1] Plaintiffs describe a series of events related to their occupancy and alleged removal from certain property in Brewer, Maine. (Complaint, ECF No. 1.) Plaintiffs seek relief pursuant to 42 U.S.C. § 1983 and name the City of Brewer and two city employees as defendants.

Plaintiffs also filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted. (ECF No. 3.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiffs' amended complaint is appropriate. 28 U.S.C. § 1915(e)(2). Following a review of the amended complaint, I recommend the Court dismiss Plaintiffs' claims other than their claim that the defendants unlawfully deprived them of their home under the color of state law.

---

[1] The Court granted Plaintiffs' motion to amend the complaint. (Order, ECF No. 7.)

## STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal

standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## DISCUSSION

According to the complaint, as amended, and the exhibits, Joseph and Patricia Jurkenas lived in Brewer with Patricia's mother, Marie Pozniak.  In October 2013, while Marie was recovering from surgery, they began having difficulties with City officials and local police.  Plaintiffs allege the difficulties centered on the adequacy of the care Marie was receiving in the home, and their requests for ambulance assistance.  Plaintiffs assert that, in May 2014, City officials used baseless reasons to prevent Plaintiffs from remaining in their home.  Plaintiffs assert that the City has approved tenants to rent the same structure in the following years but continues to prevent Plaintiffs from occupying the property.

Viewing the allegations most favorably to Plaintiffs, which the Court must do at this stage of the proceedings, and recognizing that in its review of Plaintiff's complaint, because Plaintiffs are proceeding pro se, the Court must apply "less stringent standards than formal pleadings drafted by lawyers," *Haines*, 404 U.S. at 520,  because Plaintiffs' allege that they were unable to participate in the proceeding at which the decision to remove them from the property was made, Plaintiffs have asserted enough facts to proceed on their claim that the defendants wrongfully deprived them of their home under color of state law.[2]

---

[2] That issue could be legally characterized in several closely-related ways.  Courts have considered claims of wrongful or malicious eviction or condemnation under the heading of the Fifth Amendment Takings Clause, the procedural and substantive guarantees of the Due Process Clauses, the Fourth Amendment, and the class-of-one doctrine of the Equal Protection Clause.  *See e.g.*, *Knick v. Twp. of Scott, Pennsylvania*, 139 S. Ct. 2162, 2168 (2019) ("the property owner has suffered a violation of his Fifth Amendment rights when the government takes his property without just compensation, and therefore may bring his claim in federal court under § 1983 at that time"); *Kelley v. LaForce*, 288 F.3d 1, 8 n.4 (1st Cir. 2002) (noting lack

(Attachments, ECF Nos. 1-2, 1-3, 1-4.) Plaintiffs' remaining allegations and claims, however, are not actionable. For example, Plaintiffs assert that certain conduct amounted to kidnapping, and Plaintiffs ask the Court to initiate criminal charges against one of the named defendants. However, "the power to prosecute" is "one of the core powers of the Executive Branch of the Federal Government," not the Judicial Branch, *United States v. Armstrong*, 517 U.S. 456, 467 (1996), and while Plaintiffs are free to bring matters to the attention of the relevant state or federal executive branch officials, private citizens have no authority to themselves initiate criminal proceedings in federal court. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989). In addition, to the extent Plaintiffs allege an "ongoing" violation of their rights (Attachment, ECF No. 1-1), Plaintiffs have alleged no facts that would support such a claim.

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss all claims asserted by Plaintiffs except their claim that the defendants unlawfully deprived them of their home under the color of state law.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

---

of clarity between procedural due process claim, substantive due process claim, and Fourth Amendment claim, but reversing and remanding on due process issues); *Cozzo v. Tangipahoa Par. Council--President Gov't*, 279 F.3d 273, 290–91 (5th Cir. 2002) (discussing the relationship between substantive due process rights and the Fourth Amendment in this context); *Shapiro v. Willowbrook Home LLC*, No. SACV 13-1478-JAK JEM, 2014 WL 3706703, at *8 (C.D. Cal. June 23, 2014) (analyzing a wrongful eviction equal protection class-of-one claim).

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of July, 2020.