UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOSEPH JURKENAS, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 1:20-cv-00183-JDL |
| | ) | |
| CITY OF BREWER, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON PLAINTIFFS' REQUEST FOR LEAVE TO AMEND COMPLAINT
AND RECOMMENDED DECISION ON DEFENDANTS' MOTION TO DISMISS**

Plaintiffs allege various claims pursuant to 42 U.S.C. § 1983 against the City of Brewer and two municipal employees arising from a series of events related to their occupancy and alleged removal from certain real property in Brewer, Maine. (Amended Complaint, ECF Nos. 1, 6.)

Upon review of Plaintiffs' amended complaint pursuant to 28 U.S.C. § 1915(e)(2), I recommended the Court dismiss Plaintiffs' claims except for the claim that Defendants unlawfully deprived Plaintiffs of their home. (Recommended Decision, ECF No. 9.) Because Plaintiffs subsequently requested leave to amend their complaint, the Court deferred consideration of the Recommended Decision to permit an assessment of Plaintiffs' motion to amend (Motion to Amend, ECF No. 17), the issues raised in Plaintiffs' objection to the Recommended Decision (Objection, ECF No. 10), and Defendants' motion to dismiss and/or for judgment on the pleadings. (Motion to Dismiss, ECF No. 16.)

Following a review of the pleadings and after consideration of the parties' arguments, I deny Plaintiffs' request for leave to amend the complaint. Additionally, I recommend that the Court grant in part and deny in part Defendant's motion to dismiss.[1]

## BACKGROUND

### A.    Factual Background

The facts are drawn from Plaintiffs' amended complaint, including the attached exhibits, and Plaintiffs' subsequent pleadings. *See Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 U.S. Dist. LEXIS 191506, at *4 (D. Me. Nov. 5, 2019) (stating that a court may "consider other filings by a self-represented plaintiff, 'including his response to the motion to dismiss, to understand the nature and basis of his claims'" (quoting *Wall v. Dion*, 257 F. Supp. 2d 316, 318 (D. Me. 2003)). Plaintiffs' factual allegations are deemed true when evaluating a Motion to Dismiss. *McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017).

Plaintiffs Joseph and Patricia Jurkenas lived at a home in Brewer with Patricia's mother, Marie Pozniak. Marie was hospitalized in December 2012 and, later, was discharged and cared for at the home in Brewer. (Attachment, No. 1-5.) Plaintiffs allege that beginning in October 2013, they began having difficulties with City officials and local

---

[1] Plaintiffs filed two sur-replies in connection with Defendants' motion to dismiss. (Sur-replies, ECF Nos. 22, 27.) After Plaintiffs filed the first sur-reply, Defendants moved to strike the sur-reply as unauthorized by the applicable civil rules and because the sur-reply was not limited to addressing the issues raised in Defendants' reply memorandum. (Motion to Strike, ECF No. 23.) As Defendants note, in the sur-reply, Plaintiffs reiterate their prior arguments. The second sur-reply also does not raise any new issues. Because Plaintiffs filed a sur-reply, I allowed Defendants to file additional exhibits related to the motion to dismiss. (Orders, ECF Nos. 26, 28.) Upon review of the sur-replies, I discern no prejudice to Defendants if the sur-replies are not stricken. I, therefore, deny the motion to strike. Plaintiffs, however, are advised that a sur-reply is not permitted without leave of court. If Plaintiffs file a sur-reply on any motion in the future without leave of court, the sur-reply will be stricken.

police.  (Attachment, ECF Nos. 1-3, 1-4, 1-5.)  Plaintiffs assert the difficulties centered on the adequacy of care Marie was receiving at home and Plaintiffs' requests for ambulance services.  (Attachment, ECF Nos. 1-3, 1-4, 1-5; Objection at 6.)

According to Plaintiffs, on May 24, 2014, City officials, including Defendant Brooks, who was the City's code enforcement officer, used baseless reasons to remove Plaintiffs from their home and to prevent them from returning.  (Attachment, ECF No. 1-1, 1-3, 1-4; Objection at 2-5.)  As alleged, the stated reasons included, in part, a report of a fire at the home and the City's subsequent response to that fire; an oil spill at the home; and safety and electrical violations.  (Attachment, ECF Nos. 1-3, 1-4; Objection at 3-4.) Plaintiffs allege that as the result of the actions of City officials, Marie was removed from the home and transferred to a local hospital.  (Attachment, ECF No. 1-4.)  Plaintiffs also maintain that City officials did not allow Plaintiffs to enter the property, declared the home a "bio-hazard," and disconnected the electrical supply to the home.  (Attachment, ECF Nos. 1-1, 1-4; Objection at 2-4.)  Plaintiffs allege that on June 2, 2014, Joseph and Patricia met with the City Manager, Defendant Bost, to discuss the events, but Defendant Bost was dismissive of their concerns and called the police to remove them from his office. (Attachment, ECF No. 1-2.)

On June 12, 2014, Plaintiffs received a "Notice of Violation/Order for Corrective Action" from the City's Code Enforcement Officer.  (Attachment, ECF No. 8-6.)  The notice informed Plaintiffs that their property violated various City ordinances and building codes.  (*Id.*)  Additionally, the notice sought to declare the home a "dangerous building" in accordance with Maine law.  *See* 17 M.R.S. § 2851.  (*Id.*)  The notice described the actions

necessary to correct the alleged violations and stated that Plaintiffs had a right to appeal the notice within thirty days pursuant to the City's land use code.  (*Id.*)  Plaintiffs filed an appeal from the notice of violation in August 2014.[2]  (Objection at 9; *see* Attachment, ECF No. 10-9.)  Subsequently, on September 16, 2014, the City Council scheduled a public hearing to determine whether, pursuant to 17 M.R.S. § 2851, Plaintiffs' home constituted a "dangerous building."[3]  (Attachment, ECF No. 10-7.)  Plaintiffs allege that the hearing did not occur at an October 14, 2014, meeting of the City Council.  (Objection at 9; *see* Attachment, ECF No. 10-8.)

Marie died on April 27, 2015. (Attachment, ECF No. 1-4; Objection at 10.) Plaintiffs allege that the City has approved tenants to rent the same structure in the following years but continues to prevent Plaintiffs from occupying the property. (Attachment, ECF No. 1-4; Objection at 2.)  Plaintiff Joseph Jurkenas was provided "limited access" to the home in September 2014 to make electrical repairs. (Objection at 8.)

## B.    Procedural History

On May 22, 2020, Plaintiffs filed a complaint in this Court asserting various claims against the City and two municipal employees related to their alleged removal from their

---

[2]  Attached to their objection, Plaintiffs provided an "Appeal" letter, which was dated June 16, 2014, and addressed to the Brewer Zoning Board of Appeals.  (Attachment, ECF No. 10-5.)  It is unclear whether this is the same appeal letter that was later filed in August 2014.  (*See* Objection at 9, ECF No. 10; Attachment, ECF No. 10-9.)

[3]  Plaintiffs submitted a "Notice of Unfit for Human Habitation" placard that was posted on Plaintiffs' home on September 18, 2014.  (Notice, ECF No. 10-11.)

property on May 24, 2014.[4]  The complaint was accompanied by a Motion for Leave to Proceed in Forma Pauperis, which the Court granted on May 24, 2020.  (Motion, ECF Nos. 2, 3.)  On June 6, 2020, the Court also granted Plaintiffs' motion to amend the complaint, permitting Plaintiffs to add the Estate of Marie L. Pozniak as a party.  (Motion to Amend, ECF Nos. 6, 7.)

After a preliminary review of Plaintiffs' complaint in accordance with 28 U.S.C. 1915(e)(2), I concluded that "because Plaintiffs' allege that they were unable to participate in the proceeding at which the decision to remove them from the property was made, Plaintiffs have asserted enough facts to proceed on their claim that the defendants wrongfully deprived them of their home under color of state law." (Recommended Decision at 7.)  I also recommended the Court dismiss Plaintiffs' remaining claims, which included a request to initiate criminal charges against one of the defendants.  (*Id.* at 5.)

On August 5, 2020, Plaintiffs filed an objection to the Recommended Decision, seeking "to present additional evidence, add detail, and plead the court [to] reconsider" the July 23 recommended decision.  (Objection at 1.)  Plaintiffs ask the Court to recognize a violation of their due process rights in connection with the alleged removal from their home on May 24, 2014, and request leave to amend their complaint in order to add a claim for wrongful death.  (*Id.* at 2, 12.)

On August 14, 2020, Defendants returned an executed waiver of service.  (ECF No. 13.)  On September 8, Defendants moved to dismiss Plaintiffs' amended complaint.

---

[4]  The form complaint named Joseph Jurkenas and his wife, Patricia Jurkenas, as plaintiffs.  Joseph Jurkenas signed the complaint.  The complaint included six attachments that further described Plaintiffs' allegations.

Defendants raise various procedural and substantive deficiencies in Plaintiffs' amended complaint and assert a qualified immunity defense.  (Motion at 4-17.)

DISCUSSION

**A.   Plaintiffs' Request for Clarification of Recommended Decision**

As part of their objection to the Recommended Decision, Plaintiffs ask for a clarification of the Recommended Decision.  (Objection at 1.)  To clarify, after a review of the facts alleged in Plaintiffs' amended complaint, and when viewing the facts in the amended complaint as true and drawing reasonable inferences in favor of the Plaintiffs, *see McKee*, 874 F.3d at 59, I determined that Plaintiffs have alleged a claim that Defendants unlawfully deprived them of their home under the color of state law and without due process.[5]  *See Doyle v. Town of Falmouth*, No. 2:19-cv-00229-NT, 2019 U.S. Dist. LEXIS 183409, at *5 (D. Me. Oct. 23, 2019) ("If a pro se plaintiff provides sufficient facts, a court can intuit the correct cause of action." (internal quotation marks omitted)).  Plaintiffs have thus alleged a violation of their substantive and procedural due process rights.

**B.   Plaintiffs' Request to Amend Complaint**

Plaintiffs seek leave to amend the amended complaint to add a claim for wrongful death.  (Objection at 12.)  Federal Rule of Civil Procedure 15(a) governs amendments to pleadings before trial.  In certain instances, "[a] party may amend its pleading once as a matter of course."  Fed. Civ. P. 15(a)(1).  "Otherwise, as here, 'a party may amend its pleading only with the opposing party's written consent or the court's leave,' and '[t]he

---

[5]  As noted in the Recommended Decision, such a claim may be characterized in several closely-related ways.  (Recommended Decision at 3.)

court should freely give leave when justice so requires.'" *Old Town Util. & Tech. Park, LLC v. Consol. Edison Sols., Inc.*, No. 2:19-cv-00029-JDL, 2020 U.S. Dist. LEXIS 94294, at *10-11 (D. Me. May 29, 2020) (quoting Fed. Civ. P. 15(a)(2)).  However, "this 'does not mean . . . that a trial court must mindlessly grant every request for leave to amend.'" *Mulder v. Kohl's Dep't Stores, Inc.*, 865 F.3d 17, 20 (1st Cir. 2017) (alteration in original) (quoting *Aponte-Torres v. University of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006)).  "[A] district court may deny leave to amend when the request is characterized by 'undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part.'" *Nikitine v. Wilmington Trust Co.*, 715 F.3d 388, 390 (1st Cir. 2013) (quoting *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)).  When considering whether an amendment is futile, "[a court] view[s] futility through the lens of Federal Rule of Civil Procedure 12(b)(6)." *Parker v. Landry*, 935 F.3d 9, 13 (1st Cir. 2019).  "[A] proposed amendment is futile if it fails to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim for wrongful death under Maine law is governed by 18-C M.R.S. § 2-807. In relevant part, the statute provides that "[e]very wrongful death action must be brought by and in the name of the personal representative or special administrator of the deceased person. . . ."  18-C M.R.S. § 2-807(2).  Moreover, any wrongful death action brought against a "governmental entity" is limited by the Maine Tort Claims Act (MTCA).  *Id.* § 2-807(4); *see* 14 M.R.S. 8104-C.  Under the MTCA, to assert an action against a governmental entity or its employees, a claimant must first file a notice with the governmental entity "[w]ithin 365 days after any claim or cause of action" accrues.  14

M.R.S. § 8107(1). Additionally, the MTCA provides that "[e]very claim against a governmental entity or its employees permitted under this chapter is forever barred from the courts of this State, unless an action therein is begun within 2 years after the cause of action accrues." 14 M.R.S. § 8110. Maine law "define[s] the time of accrual as the time the plaintiff sustains a judicially cognizable injury." *McKinnon v. Honeywell Int'l, Inc.*, 2009 ME 69, ¶ 11, 977 A.2d 420 (internal quotation marks omitted).

Here, Plaintiffs do not propose to assert the wrongful death claim "in the name of the personal representative or special administrator," 18-C M.R.S. § 2-807(2), of the Estate of Marie Pozniak. Further, because their cause of action accrued, at the latest, on April 27, 2015 (Objection at 12), Plaintiffs have failed to meet the time requirements set forth in the MTCA for bringing a wrongful death claim against a governmental entity or its employees. *See* 14 M.R.S. §§ 8107, 8110. Because the record does not reflect that Plaintiffs are legally authorized to act on behalf of the Estate of Marie Pozniak and because Plaintiffs have not otherwise satisfied the requirements of the MTCA, Plaintiffs' requested amendment would be futile.[6]

---

[6] Even if the failure to file the required notice of claim and the expiration of the statute of limitations are deemed affirmative defenses that would be more appropriately considered if Defendants asserted the defenses in response to an amended complaint, given that the record (including Plaintiffs' pleadings) lacks any evidence that Plaintiffs have been appointed personal representative(s) of the Estate of Marie Pozniak, Plaintiffs cannot assert a wrongful death claim.

**C. Defendants' Motion to Dismiss**[7]

**1.       Proper Plaintiffs**

Defendants argue that Plaintiffs Patricia Jurkenas and the Estate of Marie Pozniak are not proper plaintiffs in this matter because neither Patricia nor a representative of the Estate had signed the complaint. (Motion at 4-5.)  As to the Estate of Marie Pozniak, Defendants contend that there was "neither a legal Estate created nor a Personal Representative formally appointed" through which such an entity could have brought a claim in this matter.  (*Id.*)  Because neither Patricia nor the Estate signed the complaint as amended, Defendants assert that there was not proper service of the complaint as to Patricia and the Estate.  *See* Fed. R. Civ. P. 12(b)(4)-(5). In effect, Defendants argue that Joseph Jurkenas is the only proper plaintiff in this matter.

Federal Law provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654. Although the law permits a party to "conduct their own cases personally," *id.*, the First Circuit has "interpreted [section 1654] as barring a non-lawyer from representing anyone but himself," *O'Diah v. Volkswagen of Am., Inc.*, 91 Fed. App'x 159, 160 (1st Cir. 2004); *see Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) ("The federal

---

[7]  Defendants have also characterized their motion to dismiss as a motion for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c).  However, because the Defendants have not yet filed an answer to the amended complaint, a motion pursuant to Rule 12(c) is premature.  Accordingly, the Court will treat Defendants' motion as a motion to dismiss pursuant to 12(b)(6).  *See Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012) (noting that when "a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is employed as a vehicle to test the plausibility of a complaint, it must be evaluated as if it were a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)").

courts have consistently rejected attempts at third-party lay representation.  By law an individual may appear in federal courts only pro se or through legal counsel." (citations omitted)).  Moreover, "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."  Fed. R. Civ. P. 11(a).

The complaint, as amended, lists Joseph, Patricia, and the Estate of Marie Pozniak as Plaintiffs, and is signed only by Joseph Jurkenas.[8]  Although Joseph may "plead and conduct [his] own case[] personally," 28 U.S.C. § 1654, he is "barr[ed] . . . from representing anyone but himself," *O'Diah*, 91 Fed. App'x at 160.  Because Joseph has signed the amended complaint, he may represent himself in this matter. Patricia, however, did not sign the amended complaint and is unable to assert her claims through Joseph's pro se representation on her behalf.  Additionally, as referenced above, the record lacks any evidence or assertion that Joseph has been appointed as a personal representative for the Estate of Marie Pozniak and, even if so, whether Joseph is acting in such a capacity.  *See* 18-C M.R.S. § 3-103 (requiring appointment of a personal representative "to acquire the powers and undertake the duties and liabilities" of administering an estate).

In short, Joseph Jurkenas is the only plaintiff to sign the complaint, as amended.  As a pro se litigant, he cannot represent other parties in this matter.  *See O'Diah*, 91 Fed. App'x at 160.  To the extent that Plaintiffs' amended complaint asserts claims on behalf of Patricia

---

[8]  In subsequent filings, Joseph Jurkenas has purported to sign "for" both Patricia and the Estate.

or the Estate of Marie Pozniak, dismissal of the claims is warranted unless the parties enter a proper appearance.

## 2.      Plaintiffs' Claim Under 42 U.S.C. § 1983

Defendants also contend Plaintiffs have failed to assert an actionable claim. Plaintiffs assert their claims pursuant to 42 U.S.C. § 1083. (Complaint at 3, ECF No. 1.)

A party may seek dismissal of a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "In ruling on a motion to dismiss under Rule 12(b)(6), a court 'must assume the truth of all well-plead facts and give the plaintiffs the benefit of all reasonable inferences therefrom.'"  *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.*, 622 F.3d 62, 68 (1st Cir. 2010)).  However, Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In evaluating the sufficiency of a complaint, therefore, a court's "task is to 'first disregard conclusory allegations that merely parrot the relevant legal standard' and 'then inquire whether the remaining factual allegations state a plausible, rather than merely possible, assertion of defendants' liability.'  *Dumont v. Reilly Foods Co.*, 934 F.3d 35, 39-40 (1st Cir. 2019) (quoting *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013)).  "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'"  *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 U.S. Dist. LEXIS 191506, at *4 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

"Section 1983 provides a cause of action when an individual, acting under color of state law, deprives a person of constitutional rights." *Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016); *see* 42 U.S.C. §1983.  It does not by itself "endow plaintiffs with any substantive rights independent of those already granted under federal law." *Clark v. Boscher*, 514 F.3d 107, 112 (1st Cir. 2008).  To prevail on such a claim, therefore, "a plaintiff must show that 'the challenged conduct [is] attributable to a person acting under color of state law' and that 'the conduct must have worked a denial of rights secured by the Constitution or by federal law.'" *Freeman v. Town of Hudson*, 714 F.3d 29, 37 (1st Cir. 2013) (quoting *Soto v. Flores*, 103 F.3d 1056, 1061 (1st Cir. 1997)).  "[U]nder § 1983, local governments are responsible only for 'their *own* illegal acts.'" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (emphasis in original) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)).  "[A]lthough a municipality may not be held liable under a theory of respondeat superior for an employee's constitutional violation, it may be held liable when 'execution of [the municipality's] policy or custom . . . inflicts the injury' and is the 'moving force' behind the employee's constitutional violation." *Saldivar*, 818 F.3d at 20 (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).

As noted above, Plaintiffs' amended complaint has been construed to assert claims for the violation of Plaintiffs' rights to procedural and substantive due process.

### a.   Procedural Due Process

"Procedural due process guarantees that a state proceeding which results in a deprivation of property is fair. . . ." *Licari v. Ferruzzi*, 22 F.3d 344, 347 (1st Cir. 1994). In other words, it "assures individuals who are threatened with the deprivation of a

significant liberty or property interest by the state notice and an opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Ford v. Bender*, 768 F.3d 15, 24 (1st Cir. 2014) (quoting *Amsden v. Moran*, 904 F.2d 748, 753 (1st Cir. 1990))  A procedural due process claim "must allege 'that [the plaintiff] was deprived of constitutionally protected property because of Defendants' actions, and that the deprivation occurred without due process of law.'" *Lambert v. Fiorentini*, 949 F.3d 22, 28 (1st Cir. 2020) (alteration in original) (quoting *Rumford Pharmacy, Inc. v. City of E. Providence*, 970 F.2d 996, 999 (1st Cir. 1992)).  "The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 126 (1990).  Moreover, "[t]he procedural due process inquiry 'examine[s] the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law.'" *Lambert*, 949 F.3d at 28 (quoting *Zinermon*, 494 U.S. at 126 (1990)).  "A procedural due process claim that does not 'allege the unavailability of constitutionally-adequate remedies under state law' fails." *Id.* (quoting *Rumford*, 970 F.2d at 999).

In this case, Plaintiffs allege that they were deprived of their property when City officials removed them from and prevented their return to their home on May 24, 2014. (Attachment, ECF Nos. 1-1, 1-3, 1-4; Objection at 2-5.)  As alleged, the City provided Plaintiffs with certain "procedural safeguards," *Lambert*, 949 F.3d at 28 (quoting *Zinermon*, 494 U.S. at 126 (1990)), after the alleged deprivation of their property.

Under Maine law, "a municipality has the right to secure buildings that pose a serious threat to the public health and safety" and, in certain instances, need not provide notice "before securing the building if the threat to the public health and safety requires prompt action." 17 M.R.S. § 2856. The City provided Plaintiffs with a Notice of Violation on June 12, 2014, which informed Plaintiffs that the state of their property was in violation of various statutes, City ordinances, and building codes. (Attachment, ECF No. 8-6.) The notice described the actions necessary to correct the alleged violations and stated that Plaintiffs had a right to appeal the notice within thirty days pursuant to the City's land use code. (*Id.*)

Pursuant to Maine law, code enforcement officers are permitted to administer and enforce land use law and local ordinances. 30-A M.R.S. § 4452. "[A] notice of violation or an enforcement order by a code enforcement officer under a land use ordinance is reviewable on appeal by the board of appeals and in turn by the Superior Court under the Maine Rules of Civil Procedure, Rule 80B." 30-A M.R.S. § 2691(4); *see Raposa v. Town of York*, 2019 ME 29, ¶ 11, 204 A.3d 129; M.R. Civ. P. 80B. The City allows for an appeal from a notice of violation to be taken within thirty days from the date of the notice of violation. (Attachment, ECF No. 8-6; Motion, ECF No. 16-1.) A notice of violation "that is not timely appealed is subject to the same preclusive effect as otherwise provided by law." 30-A M.R.S. § 2691(4).

Plaintiffs allege that they appealed from the notice of violation in August 2014. (Objection at 9; see Attachment, ECF No. 10-9.) The appeal, however, was filed after the time required by the City's ordinance; Plaintiffs' challenges to the contents of the notice of

violation, therefore, were precluded from review by the City or, later, by review in state court. *See* 30-A M.R.S. § 2691(4). The pleadings thus establish that Plaintiffs were provided a process to challenge the notice of violation, but Plaintiffs failed to assert timely their rights under the process. Plaintiffs have thus failed to assert a claim based on the notice process.

The notice of violation declaring the home a "dangerous building" was also issued in accordance with Maine law. *See* 17 M.R.S. § 2851. (Attachment, ECF No. 8-6.) Although Plaintiffs did not appeal from the notice of violation, a determination that a building is "dangerous"[9] requires a municipality to follow separate, statutory procedures. *See id.* Specifically, a municipality may "adjudge a building to be a nuisance or dangerous" after notice and hearing is provided to the property owner. *Id.* A property owner may appeal a municipality's decision to Maine's Superior Court. 17 M.R.S. § 2852.

The record reveals that the City Council scheduled a public hearing to determine whether Plaintiffs' home constituted a "dangerous building." (Attachment, ECF No. 10-7.) The hearing was scheduled for October 14, 2014. (Objection at 9, ECF No. 10; *see* Attachment, ECF No. 10-8.) Plaintiffs, however, allege that the hearing did not occur. (Objection at 9; see Attachment, ECF No. 10-8.)

---

[9]  "To adjudge a building to be a nuisance or dangerous, the municipal officers or county commissioners must find that the building is structurally unsafe, unstable or unsanitary; constitutes a fire hazard; is unsuitable or improper for the use or occupancy to which it is put; constitutes a hazard to health or safety because of inadequate maintenance, dilapidation, obsolescence or abandonment; or is otherwise dangerous to life or property." 17 M.R.S. § 2851(2-A).

At this stage of the proceeding, where the Court "must assume the truth of all well-plead facts and give the Plaintiffs the benefit of all reasonable inferences therefrom," *Blanco*, 802 F. Supp. 2d at 221 (internal quotation marks omitted), because Plaintiffs have alleged that the hearing on whether their home constituted a "dangerous building" did not occur, Plaintiffs have alleged a claim that they were wrongfully deprived of occupying their home without due process of law.[10]  As alleged, Plaintiffs were not afforded  hearing at which the City Council was to determine whether Plaintiffs' home was "unsuitable or improper for the use or occupancy to which it is put; constitute[d] a hazard to health or safety because of inadequate maintenance, dilapidation, obsolescence or abandonment; or [was] otherwise dangerous to life or property."  17 M.R.S. § 2851(2-A).

### b.    Substantive Due Process

The right to substantive due process "protects individuals from state actions that are arbitrary and capricious, run counter to the concept of ordered liberty, or appear shocking or violative of universal standards of decency."  *Ford*, 768 F.3d at 23 (internal quotation marks omitted).  "In order to assert a viable substantive due process claim, a plaintiff has

---

[10]  Defendants maintain that the City should be dismissed because Plaintiffs have not alleged that the actions of the individual defendants were the product of a municipal policy or practice. A municipality cannot be vicariously liable for a constitutional deprivation simply because the deprivation was caused by a municipal employee. *Welch v. Ciampa,* 542 F.3d 927, 941 (1st Cir.2008) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)).  For a municipality to be liable for a constitutional deprivation, the record must include evidence that a municipal policy, custom, or practice caused the deprivation.  *Id.*  The applicable standard requires a plaintiff to "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of the Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997).  While Plaintiffs have not explicitly alleged that the actions of a City policy or custom, because they have alleged a basis for a § 1983 claim against City employees, recognizing that a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), judicial economy militates in favor of maintaining the City as a party until further development of the record regarding whether a hearing on the "dangerous building" issue was provided.

'to prove that [the plaintiff] suffered the deprivation of an established life, liberty, or property interest, *and* that such deprivation occurred through governmental action that shocks the conscience.'" *Najas Realty, LLC v. Seekonk Water Dist.*, 821 F.3d 134, 145 (1st Cir. 2016) (emphasis in original) (*quoting Clark v. Boscher*, 514 F.3d 107, 112 (1st Cir. 2008)).   "In the context of land use disputes, '[s]ubstantive due process is a constitutional cause of action that leaves the door slightly ajar for federal relief in truly horrendous situations.'" *Id.* (quoting *Clark*, 514 F.3d at 112).

Plaintiffs have failed to allege facts that would support a finding that the deprivation of their property "occurred through governmental action that shocks the conscience." *Najas Realty, LLC*, 821 F.3d at 145 (internal quotation marks omitted).   As noted above, "a municipality has the right to secure buildings that pose a serious threat to the public health and safety" and may do so without notice when such a threat "requires prompt action."  17 M.R.S. § 2856.  Plaintiffs' filings reflect that on May 24, 2014, a fire occurred at the home, the home was contaminated as a result of an oil spill, and that the home had documented safety and building code violations.   (Attachment, ECF Nos. 1-3, 1-4; Objection at 3-4.)  Plaintiffs' allegations do not support a finding that the actions taken by Defendants to secure Plaintiffs' home on May 24 were "egregiously unacceptable, outrageous, or conscience-shocking."  *Lambert*, 949 F.3d at 28 (internal quotation marks omitted).

### 3.    Qualified Immunity

Defendants contend that Plaintiffs' amended complaint and its attached exhibits "clearly establish a basis for Qualified Immunity."  (Motion at 17.)

"Qualified immunity provides government officials with 'breathing room to make reasonable but mistaken judgments' by shielding officials from liability for civil damages for actions that do not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Gericke v. Begin*, 753 F.3d 1, 5 (1st Cir. 2014) (quoting *Stanton v. Sims*, 571 U.S. 3, 6 (2013)). To determine whether a defendant is entitled to qualified immunity, a court must engage in a two-pronged analysis: "[f]irst, 'the court must determine whether the plaintiff's version of the facts makes out a violation of a protected right[,]'" and "[s]econd, the court must determine 'whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct.'" *Norton v. Rodrigues*, 955 F.3d 176, 184 (1st Cir. 2020) (quoting *McKenney v. Mangino*, 873 F.3d 75, 81 (1st Cir. 2017). This second step is further divisible into two sub-parts. "Sub-part one requires the plaintiff to 'identify either controlling authority or a consensus of cases of pervasive authority sufficient to signal to a reasonable [official] that particular conduct would violate a constitutional right[,]'" and "[s]ub-part two requires [a court] to consider 'whether a reasonable [official] in the defendant's position would have known that his conduct violated the established rule.'" *Id.* (quoting *Morse v. Cloutier*, 869 F.3d 16, 23 (1st Cir. 2017)). "These inquiries are carried out with the understanding that qualified immunity is meant to shield 'all but the plainly incompetent or those who knowingly violate the law.'" *McKenney*, 873 F.3d at 81 (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017)).

The law requires that the City afford Plaintiffs an opportunity to be heard before Plaintiffs were deprived of their property. *Ford*, 768 F.3d at 24. As alleged, a hearing in accordance with the applicable statute was scheduled to determine whether Plaintiffs'

home constituted a "dangerous building," but the City did not conduct the hearing. Plaintiffs, therefore, have alleged that Defendants violated a clearly established law when it did not conduct the hearing.  Qualified immunity does not apply under the circumstances.

## CONCLUSION

Based on the foregoing analysis, I

(1) clarify the Recommended Decision as set forth herein;

(2) deny Plaintiffs' motion for leave to amend their complaint to add a claim for wrongful death;

(3) recommend that the Court grant in part and deny in part Defendants' motion to dismiss as follows: dismiss the claims asserted by Plaintiffs except the claim pursuant to 42 U.S.C. § 1983 that the City of Brewer violated their procedural due process rights by failing to hold a hearing on whether their home constituted a dangerous building, and dismiss the procedural due process claim asserted on behalf of Patricia Jurkenas and the Estate of Marie Pozniak, unless within 14 days of the Court's order, Patricia and the Estate enter a proper appearance;[11] and

(4) recommend the Court dismiss as moot Defendants' motion for judgment on the pleadings.

## **NOTICE**

Any objections to the order on the motion to amend or motion to strike shall be filed within 14 days in accordance with Federal Rule of Civil Procedure 72.

---

[11] Because this recommendation addresses the claims addressed in the prior Recommended Decision (ECF No. 9), the prior Recommended Decision is moot.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of December, 2020.