UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOSEPH JURKENAS, et al., | ) | |
| Plaintiffs | ) ) ) | |
| v. | ) ) | 1:20-cv-00183-JCN |
| CITY OF BREWER, et al., | ) ) ) | |
| Defendants | ) | |

**DECISION AND ORDER ON DEFENDANTS' REQUEST FOR SUMMARY JUDGMENT AND ON PLAINTIFFS' MOTION TO STRIKE**

Plaintiffs assert a claim pursuant to 42 U.S.C. § 1983 against the City of Brewer and two municipal employees as the result of the City's alleged failure to conduct a hearing on whether Plaintiffs' home constituted a dangerous building under the applicable law. (Amended Complaint, ECF No. 6.)  The Court denied Plaintiffs' motion for summary judgment and informed Plaintiffs that, in accordance with Federal Rule of Civil Procedure 56(f), on Defendants' request, the Court would consider granting summary judgment against Plaintiffs. (Order, ECF No. 75.)  The Court allowed Plaintiffs the opportunity to respond to Defendants' request for summary judgment.  Plaintiffs subsequently filed a response to the request for summary judgment, (ECF No. 77), and a motion to strike Defendants' reply in support of their request for summary judgment.  (ECF No. 79.)

After consideration of the parties' arguments, including Plaintiffs' response to Defendants' request for summary judgment, the Court denies Plaintiffs' motion to strike and grants summary judgment in favor of Defendants.

## DISCUSSION

### A. Motion to Strike Defendants' Reply

A court is empowered to strike filings or portions of filings in some circumstances, including as a sanction for errors or misconduct, *see e.g.*, Fed. R. Civ. P. 11(a), (c), 37(b)(2)(A)(iii), when a pleading is "redundant, immaterial, impertinent, [or] scandalous," Fed. R. Civ. P. 12(f), or "for failure to comply with its rules." *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 639 F. App'x 874, 877 (3d Cir. 2016). *See also*, *United States v. One 1987 BMW 325*, 985 F.2d 655, 660 (1st Cir. 1993) ("the Civil Rules . . . have uniformly been interpreted as empowering courts to strike late-filed pleadings"); *Tobin v. Univ. of Maine Sys.*, 62 F. Supp. 2d 162, 165 n.6 (D. Me. 1999) (striking sur-reply because "[s]uch a submission is not authorized under Local Rule 7"). Motions to strike pleadings are generally "disfavored in practice," *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985) and "not typically granted without a showing of prejudice to the moving party." *Sheffield v. City of Boston*, 319 F.R.D. 52, 54 (D. Mass. 2016).

The Court finds no reason to strike Defendants' reply. First, had Defendants simply filed a separate motion for summary judgment, by rule, Defendants would have been permitted to file a reply. In addition, although the Court did not specifically authorize Defendants to file a response to Plaintiffs' filing, Defendants arguably should have an opportunity to respond, particularly given that Plaintiffs raised additional arguments in their recent submissions. The Court, therefore, denies Plaintiffs' motion to strike.

B.   **Defendants' Request for Summary Judgment**[1]

Under First Circuit authority interpreting the *Parratt-Hudson* doctrine, recovery on due process claims based on a code enforcement officer's conduct in an asserted emergency is limited. *See Herwins v. City of Revere*, 163 F.3d 15, 19 (1st Cir. 1998) ("Where an official errs in declaring an emergency, the only feasible procedure is a post-deprivation remedy, which the city also provided"); *S. Commons Condo. Ass'n v. Charlie Arment Trucking, Inc.*, 775 F.3d 82 (1st Cir. 2014) ("the alleged state law error—if error it was—cannot save the owners' procedural due process claim, at least so long as an adequate, post-hoc remedy is available"). Upon review of the record on Plaintiffs' motion for summary judgment, the Court concluded that Plaintiffs could not prevail on their procedural due process claim because the state provided an adequate post-deprivation remedy. (*See* Decision and Order on Plaintiffs' Motion for Directed Verdict and Motion Summary Judgment at 13-14, ECF No. 75.)

In their response to Defendants' request for summary judgment, Plaintiffs largely reiterate many of the arguments the Court previously addressed in its decision on Plaintiffs' motion for summary judgment. In an attempt to distinguish the relevant First Circuit authority and the Court's assessment of their procedural due process claim, Plaintiffs argue that a civil action pursuant to Maine Rule of Civil Procedure 80B was not actually "available" after the local appeal was denied because post-deprivation relief was

---

[1] A discussion of the summary judgment record, an assessment of the parties' positions on summary judgment, and an extensive analysis of the relevant issues are included in the Decision and Order on Plaintiffs' Motion for Directed Verdict and Motion for Summary Judgment, ECF No. 75, and are incorporated herein.

"frustrated, unavailable, or made useless." (Plaintiffs' response at 1.) Plaintiffs also assert that they believed a state court appeal was "impossible because the matter remained subject to a Municipal process." (*Id.* at 9.)

Plaintiffs provide no factual evidence to support their contention that the state process was "unavailable" or "useless." Furthermore, Plaintiffs fail to cite, and the Court is not otherwise aware of, any authority to support their contention that their mistaken belief concerning the state remedy makes that remedy "unavailable" for purposes of a federal due process claim. *Cf. Herwins*, 163 F.3d at 19-20 (rejecting inadequate remedy argument because the officer's order could be appealed to a city board, and plaintiff "could have appealed the ruling to the state courts," and noting that if a party is uncertain about the appeal process, they have the option to "hire a lawyer"). Plaintiffs also point to certain factual disputes between their version of events and those of the code officers, but Plaintiffs have not identified any genuine disputes of fact that are material to whether Plaintiffs can sustain their procedural due process claim.[2] Defendants, therefore, are entitled to summary judgment on Plaintiffs' remaining procedural due process claim.

---

[2] The other new argument detected in Plaintiffs' response and motion to strike is their assertion that other fires occurred at their home and nearby homes over the years and the City's code enforcement officers responded differently. The new allegations sound in equal protection, not due process. After noting that code enforcement actions can potentially give rise to a number of federal claims, (*see* First Recommended Decision at 3 n.6, ECF No. 9), the Court clarified for both parties that it construed Plaintiffs' complaint as presenting substantive and procedural due process claims. (Second Recommended Decision at 6, ECF No. 31.) Plaintiffs focused on procedural issues like their alleged entitlement to a pre- or post-deprivation hearing, and never objected to the Court's construction of their claim. Plaintiffs did not attempt to state other claims. They now arguably attempt to reframe the dispute as one involving discrimination in violation of their equal protection rights. To the extent Plaintiffs attempt to amend the complaint to reframe their claim, Plaintiffs' request is denied as untimely. Even if the Court permitted Plaintiffs to amend their complaint to assert different legal claims, Plaintiffs have not shown that a class-of-one equal protection claim would fare any better under the circumstances than their substantive due process claim, which the Court previously dismissed. (*Id.* at 16–17.)

## CONCLUSION

Based on the foregoing analysis and the findings and analysis set forth in the Decision and Order On Plaintiffs' Motion for Directed Verdict and Motion for Summary Judgment, the Court denies Plaintiffs' motion to strike, and the Court grants summary judgment in favor of Defendants.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of January, 2022.